### BRADLEY v. ECCLES.

(Circuit Court of Appeals, Second Circuit. February 8, 1906.)

No. 169.

1. PATENTS—INVENTION—USE OF OLD DEVICE IN DIFFERENT COMBINATION.
   The use of a ball and socket joint to accomplish the same purpose for which it had previously been used in the same art, in a different but old combination, does not constitute invention.
   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 27-32.]

2. SAME—THILL COUPLING.
   The Bradley patent, No. 485,856, for a thill coupling, is void for lack of patentable novelty.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This is an appeal from a decree (138 Fed. 916) for the complainant in a suit for the infringement of letters patent No. 485,856, granted November 8, 1892, to Christopher C. Bradley, for "thill coupling," and error is assigned of the correctness of the finding of the validity of the patent by the court below.

W. A. Megrath, for appellant.
H. P. Denison, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The patent, so far as it concerns the litigated claims, is for an improvement upon the thill coupling device of the patent to Wm. H. Hannan, granted July 14, 1891, and reissued August 16, 1892, which consists in substituting a ball and socket joint in place of the straight bearing joint between the draft-eye and the thill-iron of that patent. The joint of the Hannan patent consisted of a cylindrical coupling-pin embraced by a corresponding recess in the draft-eye as the bearing surface; the coupling-pin having collars to prevent its longitudinal movement in the draft-eye. In place of this joint the patent in suit has what is termed a wrist or knuckle, spherical in form, and which is embraced by a spherical recess in the draft-eye at its bearing surface; in other words, it has the ordinary ball and socket. The advantage of the ball and socket coupling over the straight bearing coupling is that it allows freer lateral play, permitting the thill to rock freely in any direction on the draft-eye, and to adjust itself within certain limits without binding or cramping. There is also an advantage in dispensing with the collars of the coupling-pin, as thereby strain and rattle are relieved. Doubtless the change introduced practical advantages into the device of the Hannan patent. We are unable to discover, however, that the substitution involved invention. All that was required was to remove the Hannan coupling-pin and replace it with the ball, and recess the draft-eye so as to afford the corresponding bearing surface, to effect the substitution of a coupling device which was well known in the prior art, and which had long been employed as the joint in thill coupling devices. The prior patents for thill couplings to Rice, to Bennett, to Kinney, to Bradley, to Smith, to St. John, to Lee and Ostrander, to Henwood, to Dresser, and others to which it is unnecessary to refer, show various adaptations of the ball and socket joint to thill couplings, and disclose that its advantages over a straight bearing coupling, as permitting freer lateral movement, had been recognized and had been utilized by those conversant with the art. When transferred to the Hannan device the ball and socket coupling did simply the same work which it had done in the previous thill coupling devices, and did not in the least affect the mode of operation of the other parts of the device. Its location in its new environment evinced merely good judgment, and the slight changes necessary for the suitable adaptation of the associated parts evinced only ordinary mechanical skill. In short, the patentee invented no new device; he used it for no new purpose; he applied it to an old combination. All he did was to apply it to an old purpose in a different, but old, combination. This does not rise to the dignity of invention. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 493, 20 Sup. Ct. 708, 44 L. Ed. 856.

We cannot escape the conclusion that the claims in controversy are void for want of patentable novelty.

The decree is reversed, with costs, and with instructions to dismiss the bill of complaint.