## W. & J. SLOANE v. DOBSON et al.

(Circuit Court, S. D. New York. March 5, 1906.)

PATENTS—INVENTION—FASTENER FOR STAIR CARPETS.

The Adams patent, No. 587,633, for a fastener for stair carpets, is void for lack of patentable invention in view of the prior art.

Suit in equity for alleged infringement of United States letters patent No. 587,633, dated August 3. 1897, for a fastener for stair carpets. Complainant seeks an injunction and an accounting.

Emerson R. Newell, for complainant.

Frederick S. Stitt and Charles E. Brock, for defendants.

RAY, District Judge. Says the patentee, Harry C. Adams:

"My invention relates to an improvement in devices intended for fastening or holding stair carpets in place, which will readily permit of their being removed without removing the fastenings from the stairs. * * * My device consists, essentially, of two toothed bars or plates, which are fastened, one to the riser and the other to the tread near the junction of the same, and with their toothed edges removed somewhat from the surface of the riser and tread, and pointing towards the junction of the same."

Claim 1 reads:

"A fastener for stair carpets, comprising a bar having a serrated or toothed edge, and means for securing the same near the inner angle between the riser and tread, so that the toothed edge thereof projects across said angle, substantially as described."

Claim 2 reads:

"A fastener for stair carpets, comprising brackets or bars secured at intervals between the concave angle between the tread and riser and toothed bars or plates secured thereto, with their toothed edges raised from the tread and riser, and extending towards the apex of the angle between the two, substantially as described."

Claim 3 is as follows:

"A fastener for stair carpets, comprising two toothed bars or plates, and means connecting the same, whereby their toothed edges project towards each other, the whole being adapted to be secured in the inner angle between the riser and tread, and to secure the carpet by having a fold of the same inserted between the toothed edges, substantially as described."

I find nothing new or novel in the mode of attaching or means for attaching these toothed bars or plates or bars having serrated or toothed edges to the riser and tread of the stairs, respectively, or to the brackets or bars which may be and are to be attached to the riser and tread, or in the toothed bars or plates themselves, except it seems to be new to bring these toothed plates or bars into such close juxtaposition, with their toothed edges pointed towards each other and always open, forming an open jaw, that a fold of the stair carpet may be inserted between them in the jaw, and kept in place by the tension of the carpet above and below the bars and the spring of the fold of the carpet within the jaw itself. When this fastener and the stair carpet are in place the fastener is invisible, and the carpet is held firmly in place against ordinary walking thereon, but may be readily removed without disturbing the fastener itself. Utility cannot be de-

nied. These toothed bars are old, and had been used to fasten and hold carpets upon the floors of rooms. In these cases the toothed edge of the bar pointed to the sidewall of the room, and placed in opposite sides of the room the toothed edges pointed away from each other. They co-acted in the sense that, one end of the carpet being hooked or caught onto the teeth of one bar, and the carpet stretched or drawn taut, and the other end hooked or caught onto the teeth of the bar on the opposite side of the room, the two bars served to hold the carpet, spread upon the floor, in place. A stair carpet is not laid flat upon the floor, and fastened at each end thereof, but is or should be a continuous strip of carpeting, extending from the· bottom of the stairs to the top. It is laid perpendicularly and horizontally, alternately covering the tread which is trodden upon and the riser which is not. The stair carpet must be securely fastened in the angle formed by the tread and the riser. It must be drawn and held taut. The fastening must be secure and strong and firmly in place. The feet of a person ascending the stairs first push the carpet in the tread towards the angle, and then push or ·pull it away. In descending this part of the carpet is pushed away from the angle. It is said that, in view of the prior art, there is no invention in so arranging these serrated or toothed edged bars, the one on the tread and the other on the riser, with their teeth pointed towards each other (whether first attached to the brackets or bars mentioned in claim 2 or not), as to hold a loop or fold of the carpet within the jaw, and maintain the carpet in place against constant treading thereon. I have carefully examined the prior art, and it seems to me that only a little thought in devising ways and means with appliances at hand was necessary to accomplish all that has been done. Almost any skilled mechanic would have done this. In the language of the Circuit Court of Appeals (Second Circuit) in Bradley v. Eccles, decided February 8, 1906 (143 Fed. 521):

"Its [these toothed bars] location in its new environment evinced merely good judgment, and the slight changes necessary for the suitable adaptation of the associated parts evinced only ordinary mechanical skill."

In that case the patentee did much more than was done here by way of invention. No invention is disclosed.

The defendants are entitled to a decree dismissing the bill, with costs.