RAJAH AUTO SUPPLY CO. v. EMIL GROSSMAN CO.

(Circuit Court of Appeals, Second Circuit. May 26, 1911.)

No. 285.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SPARK-PLUG.

The Mills patent, No. 825,856, for an improved spark-plug, the essential feature of which is a bushing having a lower edge of soft metal so thin and pliable that, when it is screwed down upon the shoulder, it will upset and hug the insulating material without breaking it, was not anticipated, and discloses patentable invention: also *held* infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Rajah Auto Supply Company against the Emil Grossman Company. Decree for complainant, holding valid and infringed claims 3 and 6 of letters patent No. 825,856, granted to David B. Mills for an improvement in spark-plugs, and defendant appeals. Affirmed.

Joseph L. Levy, for appellant.
Emerson R. Newell, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The patent in question relates to a combination in a spark-plug composed of the following elements:

1. A socket having a screw-thread and a shoulder.
2. A shank of insulating material having thereon an enlargement adapted to rest on said shoulder and tapering upward from said enlargement.
3. A threaded bushing surrounding said tapered portion, screwing upon said socket and adapted to press against said tapered portion, the lower edge of said bushing being sharpened and formed of soft metal and adapted to be upset when screwed down upon said tapered portion.

The invention resides in the third element—the bushing. Mills was the first to produce a spark-plug bushing having a lower edge of soft

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

metal so thin and pliable that when it is screwed down upon the shoulder it will be upset and hug the insulating material without breaking it.

When an unyielding bushing is screwed down upon a shank made of porcelain or similar material, the expansion of the shank when heated or the pressure of the bushing when screwed down too tight, will cause the shank to crack. The lower edge of the Mills bushing being of beveled soft metal prevents this danger of breaking and also obviates the necessity of a gasket between the collar of the shank and the bushing. · It is not pretended that the invention as thus stated is anticipated by any prior patent and we agree with the judge of the Circuit Court in thinking that invention is not negatived by the disclosures of the prior art. The defendant's best reference is the patent to Mosler, but it is clear that this patent does not show the beveled edge of soft metal adapted to be upset when screwed down, which, as before stated, is the new feature of the Mills patent.

The other prior devices and patents principally relied on by the defendant are discussed in the opinion below and we agree with what · is there said regarding them.

The invention is, of course, a narrow one, but it belongs to that large class where the courts have sustained improvements over the prior art, which produce a new and beneficial result that materially advances the art to which they belong. When a defendant persists in using such an improvement in preference to prior devices which he insists are equally efficacious, he tacitly concedes its superiority. It is difficult to reconcile his persistent use, even though it involves him in an infringement suit, with the contention that other devices which he is free to use are equally good.

Infringement is clear. The defendant's bushing is an exact counterpart of the patented structure except that the bevel of the lower or sharpened edge is not so pronounced, more force being required to produce the outward pressure, or upsetting, when the bushing is screwed down. That the lower edge is upset and performs the identical function of the· bushing of the patent is too plain for argument. The hugging contact is there, only in a less degree.

The decree is affirmed.

NOTE.—The following is the opinion of Hazel, District Judge, in the court below.

HAZEL, District Judge. The David B. Mills patent, No. 825,856, dated July 10, 1906, relates to improvements in a spark-plug, which is used to ignite the gaseous discharges in the cylinder of internal combustion engines, and the defendant company is charged in the bill with infringement of claims 3 and 6 of said patent. The specification explaining the object of the invention says:

"It has been found that where an earthenware shank—such, for example, as porcelain—is used with an unyielding bushing screwing down upon a collar on the same, there has been great danger of cracking the shank, because the pressure when the bushing was screwed down too tight or the expansion of the shank when heated would cause the porcelain to crack, even when a packing material is used. The embodiment of my invention illustrated avoids both these objections, and also avoids the necessity of providing a gasket between the bushing and the collar of the shanks."

The proofs show that in prior spark-plugs there was difficulty in keeping the porcelain shank from cracking when the bushing was screwed down or clamped tight against the gasket on the shoulder to prevent the escape of

gas. Indeed, that the use of asbestos gaskets was objectionable, in that they would not hold tightly against the explosive forces without first tightening the parts, appears clearly from the patent to Mosler, No. 738,831, dated September 15, 1903, which evidently was designed to remedy said defect, but without success. In the Mills patent, in suit, a ring gasket is placed in the shoulder between the lower edge of the bushing and the enlarged portion of the tapered shank to obtain a yielding pressure, while Mosler inserted the packing gasket between the porcelain shank and the socket. The bushing used by the patentee is preferably made of soft brass, and may be screwed down tightly upon the porcelain shank to make an absolute joint, and owing to its sharpened or beveled edge yields to any slight irregularities of form in such porcelain shank. The claims are for a combination, and the third and sixth only are in controversy. They read:

"3. In a spark-plug in combination, a socket having a screw-thread and a shoulder, a shank of insulating material having thereon an enlargement adapted to rest on said shoulder and tapering upward from said enlargement, and a threaded bushing surrounding said tapered portion and screwing upon said socket and adapted to press against said tapered portion; the lower edge of said bushing being sharpened and formed of soft metal and adapted to be upset when screwed down upon said tapered portion."

"6. In a spark-plug in combination, a socket having a screw-thread and a shoulder, a shank of insulating material having thereon an enlargement adapted to rest on said shoulder and tapering upward from said enlargement, and a threaded bushing surrounding said tapered portion and screwing upon said socket and adapted to press against said tapered portion; the lower portion of said bushing below the threads thereon being smaller in diameter than said threads and formed of soft metal and adapted to be upset when screwed down upon said tapered portion."

The elements of claim 3 are: (a) A socket with a screw-thread and shoulder; (b) a shank which is provided with an enlargement adapted to rest on the shoulder and departing outward from said shoulder; (c) a threaded bushing surrounding the tapered portion and screwed in a socket and adapted to press upon the tapered portion; the lower edge of said bushing being sharpened and formed of soft metal, so that it will be upset when screwed down upon the tapered portion. Claim 6 is not unlike claim 3, except that it emphasizes that the bushing below the thread shall be of smaller diameter than the threads and formed of soft metal. The principal defenses are want of patentability and noninfringement.

The defendant contends that the claims do not clearly express the nature of the improvement, in that they are open to the impression that the lower edge of the bushing is of different metal than the body of the bushing. The specification and proofs, however, sufficiently disclose the intention of the patentee to provide a bushing of soft material, preferably soft brass, which, at its lower edge, shall be sharpened for upsetting when screwed down tight on a porcelain shank. It was of the utmost importance to secure a uniformly distributed pressure on the porcelain shank, which was easily ruined or cracked from pressure, and that such object was achieved by the means adapted to upset or expand the bushing is thought clearly established. It is a general rule of patent law that, when the claims are ambiguous or uncertain, a construction should be placed upon them which sustains the contract with the government rather than one which destroys it. National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 45 C. C. A. 544.

I think the Mills invention may be fairly regarded as an improvement which progressed the art. None of the prior patents for spark-plugs—the Mosler patents, Nos. 698,042 and 738,831; patents to Jacobson, No. 774,432; to Herz, No. 790,571; to Ross, No. 829,545—disclose the combination of claims 3 or 6. The Mosler and Jacobson bushings were of the unyielding type, and could not be upset or expanded to make a tight fit on the tapered shank. In the Ross patent (which, however, according to the evidence was applied for subsequent to the completion of the Mills invention, in March, 1904), the lower edge of the bushing is threaded, and the edge cannot be upset or expanded. Manifestly none of the patents specified solved the problem of overcoming the defects which the simple, though important, modification

made by the patentee solved. It is true it was not new to make a bushing of brass, nor was it new to make a metal bushing which had an outside thread. Indeed, the patentee was not the first to design a bushing below the screw-thread of a less diameter than above it, or at the point where it was threaded, or tapering or beveling it at or near the edge. His altered construction, however, had never before been combined with the elements of the claims in suit, and he was the first to adapt a bushing made of soft brass or metal with the lower edge sharpened to fit a tapered porcelain shank of a spark-plug. In my opinion, it required more than mere mechanical skill to make such improvement. While it is true the separate elements of the claims are not new—they are found in prior inventions for spark-plugs and in another art—yet when assembled as they are by the patentee and made of soft metal a new and useful result was attained. It is invention without doubt to combine old elements by which a new and useful result is produced, and, moreover, a combination of elements may be patentable, if an old result is secured "in a more facile, economical, and efficient way." National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., supra.

Considerable stress is placed by the defendant upon the steel and iron bushings described in the patents to Abbott and to Cooke—bushings which, owing to cutting or sharpening the edge, are of less diameter at the edge than at the threaded portion and are used to form a joint. But such patents are found in an art far removed from the Mills invention, and, in my opinion, are not entitled to be considered to anticipate or limit the claims under consideration. The bushing in the Abbott patent was designed for joining or coupling iron pipe and upsetting the end of it so as to make a tight connection, while in the patent to Cooke the bushing was designed to fasten together hose so that it could not be separated. The patentee could scarcely have assumed that the bushing of Abbott or Cooke, when made of soft metal or brass, might with success have been used as a substitute for the Mosler bushing. The fragile nature of the porcelain shank, its tapered shape, and the peculiar use to which it was put presented a problem which required skill and a fair amount of inventive ingenuity to solve. It was not mere substitution of an old bushing in a new environment. Its use in connection with a porcelain shank was not so analogous to the bushing known to the art as to become in its new use an obvious expedient or a case of double use.

In Mast, Foos & Co. v. Stover Manufacturing Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856, upon which case the defendant relies to substantiate the claim of double use, the patentee provided a particular kind of spur wheel to his windmill to reduce the strain caused by alternative motion. Many other mechanisms disclosed contrivances to convert a rotary into a reciprocating motion. In fact the combination of the Martin patent, which was there in controversy, had been previously used in windmills, although not to convert rotary into reciprocating motion, and the question before the Supreme Court was whether it involved invention to substitute the same combination to so change the motion. It was held that no new function had been discovered, and that it was a mere application of an old element to a new purpose. The facts of the case were wide apart from those in this case, and the enunciated principle is therefore inapplicable. So, also, is Bradley v. Eccles, 143 Fed. 521, 74 C. C. A. 478, readily distinguishable from the present case, as will be noticed on reading the headnote of the opinion of the Circuit Court of Appeals.

Does the defendant corporation infringe the claims? The evidence discloses that the defendant, in its construction of a spark-plug, embodies the subject-matter of claim 3 in suit, and the various parts are assembled in the same way, and the precise result of the patent in suit is attained. Its porcelain shank is substantially formed and tapered as in complainant's device, and its bushing of soft metal is threaded and adapted to be screwed upon the socket and upset against the tapered portion of the porcelain shank. The defendant sharpens the bushing at its lower end, and thus reduces its diameter below the threads, and hence also infringes claim 6.

My conclusion is that the claims are valid and patentable as an improvement in spark-plugs, and complainant is entitled to its exclusive use, and hence may have a decree for an injunction as prayed for in the bill, with costs.